08-0343-ag
Chi v. Holder

BIA
Hom, IJ
A77-922-192

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of February, two thousand ten.

PRESENT: JON O. NEWMAN,
ROSEMARY S. POOLER,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

_____

YUN HUI CHI,
*Petitioner*,

v.                                      08-0343-ag
                                        NAC

ERIC H. HOLDER JR., U.S. ATTORNEY GENERAL,[1]
*Respondent.*

_____

FOR PETITIONER:        Charles Christophe, Christophe & Associates, New York, New York.

FOR RESPONDENT:        Gregory G. Katsas, Assistant Attorney General, Civil Division;

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**Ernesto H. Molina, Jr., Senior Litigation Counsel; Ali Manuchehry, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Yun Hui Chi, a native and citizen of the People's Republic of China, seeks review of the December 20, 2007 order of the BIA affirming the February 1, 2006 decision of Immigration Judge ("IJ") Sandy Hom, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yun Hui Chi*, No. A77 922 192 (B.I.A. Dec. 20, 2007), *aff'g* No. A77 922 192 (Immig. Ct. N.Y. City Feb. 1, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions-or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by

2

the BIA. *Yun-Zui Guan v. Gonzales*, 432 F .3d 391, 394 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination because the agency identified a material inconsistency regarding Petitioner's capture on the day of her alleged forced abortion. In 2002, Petitioner testified that she "kept running and running" and was "[v]ery far away" from her aunt's house before she slipped and was apprehended by the family planning officials. However, in 2006, Petitioner testified that she was near the house when she tripped and fell and that she "just had the back door open and [she had] just started to get outside through the back door before [she] tripped and fell." This inconsistency goes to the heart of Petitioner's claim that her abortion was *forced,* as it concerns the facts surrounding her alleged apprehension and capture. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003),

3

*superseded by statute as recognized in Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam)[2] (noting that, in pre-REAL ID Act cases, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 141 (2d Cir. 2008) ("The agency may properly base an adverse credibility determination on a discrepancy in the petitioner's evidence if the discrepancy in question goes 'to the heart' of petitioner's claim for relief."). Moreover, the IJ gave Petitioner a chance to reconcile her testimony. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006). Chi explained that the distance she had run had seemed far because she was pregnant and felt unclear and faint. We do not agree that a reasonable factfinder would have been compelled to accept her explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

---

[2]The standard of review articulated in *Secaida-Rosales* was superseded by the enactment of the REAL ID Act. *See Xiu Xia Lin*, 534 F.3d at 167 ("our previous holding that an IJ may not base an adverse credibility determination on inconsistencies and omissions that are 'collateral or ancillary' to an applicant's claims has been abrogated by the amendments to the statutory standard imposed by the REAL ID Act"). However, because Petitioner filed her asylum claim before the changes worked by the REAL ID Act took effect, *Secaida-Rosales* governs this case.

We conclude, moreover, that the IJ did not err in determining that petitioner failed to provide evidence that she would suffer persecution on account of the birth of her second child in the United States. Nor did the agency err in rejecting petitioner's claim that she reasonably feared future persecution or that she was entitled to CAT relief to the extent the claim was based upon her illegal departure from China. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005) (holding that an applicant is not "entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China").

Ultimately, the record supports the agency's conclusion that the Petitioner was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Hongsheng Leng*, 528 F.3d at 141. Because the Petitioner's asylum and withholding of removal claims were based on the same factual predicate, the adverse credibility determination was fatal to both claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Further, inasmuch as Petitioner based her CAT claim on her own assertions, the agency's adverse credibility finding was fatal to that claim as well. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

5

Petitioner argues, for the first time on appeal, that the agency violated her due process rights by failing to present her with the opportunity to address the "non-obvious" inconsistency upon which the IJ relied.  However, such claim is an obvious attempt to recast a factual argument as a constitutional challenge.  Moreover, the argument is patently frivolous because the IJ questioned Petitioner at length about the inconsistency at issue.  Because Petitioner's due process argument is "so insubstantial and frivolous as to be inadequate to invoke [our] federal-question jurisdiction," the petition for review is dismissed with respect to this argument. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6